## AFFIDAVIT OF HOMELAND SECURITY INVESTIGATIONS SPECIAL AGENT DUSTIN MEHSLING

I, Dustin Mehsling, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of Homeland Security Investigations (HSI) and have been since September 2010. I am a graduate of the Federal Law Enforcement Training Center (FLETC), which consisted of the Criminal Investigator Training Program (CITP) and U.S. Immigration and Customs Enforcement Special Agent Training (ICESAT). I have conducted investigations involving drug smuggling, human smuggling and trafficking, weapons smuggling, bulk cash smuggling, credit card fraud, money laundering, child sex tourism and child exploitation and have received training for cases involving these crimes. I am currently assigned to the Colorado Springs, Colorado office, where I am an Acting Group Supervisor where I oversee a group of Special Agents that investigate immigration violations, gangs, and human trafficking.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge, about this matter.

3. I seek a criminal complaint charging JORGE TORRES-PEREZ with one count of assault on a federal officer in violation of 18 U.S.C. § 111, one count of influencing, impeding, or retaliating against a federal official by threat in violation of 18 U.S.C. § 115, and one count of destruction of federal property in violation of 18 U.S.C. § 1361.

4. As discussed more fully below, acts in furtherance of the offenses under investigation occurred within the District of Colorado.

## STATUTORY AUTHORITY

5. Title 18, United States Code, Section 111 makes it an offense to forcibly assault, resist, oppose, impede, intimidate, or interfere with designated federal officers or employees while they are engaged in or on account of their official duties.

6. Title 18, United States Code, Section 115(a)(1)(B) makes it an offense to threaten to assault, kidnap or murder a federal law enforcement officer.

7. Title 18, United States Code, Section 1361 makes it an offense to willfully injure or commit any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency.

## PROBABLE CAUSE

8. On December 29, 2025, at approximately 6:00pm, ERO Officer T.R. and ERO Officer M.A.S. (both federal officers) began the transport of Jorge TORRES-PEREZ (Date of Birth: XX/XX/1996) from the Homeland Security Investigations (HSI) Colorado Springs, Colorado, office, to the Immigration and Customs Enforcement (ICE)-contracted detention facility, GEO Group Inc., in Aurora, Colorado. In doing so, T.R and M.A.S. were exercising their official duties as ERO officers. Specifically, TORRES-PEREZ was encountered by T.R. and M.A.S. after being released from El Paso County Jail to an ICE detainer. After identifying themselves as Immigration Officials, T.R. and M.A.S. asked TORREZ-PEREZ for his name and his immigration status in the United States. TORREZ-

      PEREZ identified himself as Jorge TORREZ-PEREZ and stated he was not currently in possession of any documentation that would allow him to be in or remain in the United States legally. At that time, TORREZ-PEREZ was served an I-200, Administrative Warrant for the Arrest of Alien and informed that he was under arrest for immigration violations.

9. Officers placed TORRES-PEREZ into a transport van, a 2020 Ford Transit, owned by ICE, Enforcement and Removal Operations (ERO). TORRES-PEREZ was handcuffed to the front of his body using chains around his waist. TORRES-PEREZ also had leg irons on his ankles to further restrict his movement. TORRES-PEREZ was placed in a seat, and his seat belt was secured.

10. Approximately 20 minutes into the drive north on Interstate 25, TORRES-PEREZ began exhibiting disruptive behavior and verbal aggression. TORRES-PEREZ made repeated threats of serious bodily injury and death toward T.R. and M.A.S. TORRES-PEREZ stated *"Let me out so I can get you! I am going to fucking kill you both!"* TORRES-PEREZ then unbuckled his seatbelt.

11. M.A.S. attempted to verbally de-escalate the situation and instructed TORRES-PEREZ to calm down in Spanish. TORRES-PEREZ did not comply and continued to escalate his behavior.

12. TORRES-PEREZ began forcefully striking the vehicle's door and windows with both feet while continuing to shout verbal threats. TORRES-PEREZ used his shoulder and body weight to strike the vehicle's door and windows. TORRES-PEREZ then caused damage

13. to the interior of the transport vehicle by pulling apart interior panels, exposing wiring, and damaging airbag components.

14. The ERO Officers continued to attempt verbal de-escalation to no avail. TORRES-PEREZ began spitting through the openings in the plastic security barrier separating the detainee compartment from the officer compartment. TORRES-PEREZ's saliva struck M.A.S. multiple times.

15. TORRES-PEREZ continued to damage government property by pulling apart interior panels, exposing wiring, and damaging airbag components until the transport ended at the Denver Contract Detention Facility (GEO) in Aurora, Colorado. TORRES-PEREZ was transferred into GEO custody without further incident by T.R. and M.A.S., and six GEO facility officers.

16. A quote for damages repair was obtained through the Faricy Boys Ford Dealership. The total for repairing the damage is $3,898.62.

17. TORRES-PEREZ assaulted M.A.S. by spitting on him through the opening in the plastic security barrier separating the detained compartment from the officer compartment.

18. TORRES-PEREZ's actions in threatening ERO officers T.R. and M.A.S. were intended to impede, intimidate, or interfere with their official duties, or to retaliate against them for exercising those duties. As set forth above, TORRES-PEREZ threatened them as the officers were transporting him, in accordance with the officers' official duties.

19. As set forth above, TORRES-PEREZ also acted willfully in damaging the van, which was property which belonged to the United States, *i.e.*, it was owned by ICE.

19. Based upon the evidence set forth herein, this affiant believes there is probably cause in support of a criminal complaint against Jorge TORRES-PEREZ for 18 U.S.C. §§ 18 USC 115: Influencing, impeding, or retaliating against a federal official by threatening or injuring a family member and 18 USC §§ 1361: Destruction of federal property.

s/ Dustin Mehsling
Dustin Mehsling
Special Agent
Homeland Security Investigations

Sworn to before me by reliable electronic means this 11th day of February, 2026.

_____
THE HON. SCOTT T. VARHOLAK
CHIEF, UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

**Affidavit reviewed and submitted by Elizabeth Tonkin, Assistant United States Attorney.**